UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DEAN SMITH, *et al.*, | : | Hon. Joseph H. Rodriguez |
| | : | |
| Plaintiffs, | : | Civil Action No. 09–5917 |
| v. | : | |
| | : | |
| GB COLLECTS, L.L.C., *et al.*, | : | |
| | : | Opinion |
| Defendants. | : | |

Presently before the Court is the motion to dismiss [7] of Defendants GB Collects and George Bresler filed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to set forth fair notice of the claim. The Court has considered the written submissions of the parties and for the following reasons will grant defendants' motion.

## I. BACKGROUND

According to the Complaint, Defendant George Bresler is a managing member of Defendant GB Collects, which is a debt collection agency. Compl. ¶3(a) and (b). The Complaint also identifies other employees of GB Collects as Defendants John Does 1-5. The allegations alleged in the Complaint appear to implicate all of the Defendants.

Plaintiff Dean Smith seeks class certification for his allegation that the Defendants' debt collection correspondences fail to comply with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. (hereinafter the "FDCPA").[1] In the Class

---

[1] The Complaint seeks class certification and alleges violations of the FDCPA. The Complaint refers to the defendants collectively, without denoting which allegations correspond to each defendant.

Allegations section of the Complaint, Plaintiff alleges that he has received this offending correspondence from the Defendants and he seeks to join all natural persons who have also received this correspondence within the last twelve months. Id. at ¶14.  Defendants move to dismiss the case pursuant to Fed.R.Civ.P. 12(b)(6) on the ground that the Complaint is legally insufficient because it is a compilation of general legal conclusions offered without any substantive supporting facts.

## II. DISCUSSION

### A. Standard on a Motion to Dismiss Under Rule 12(b)(6)

A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim.  Fed. R. Civ. P. 12(b)(6).  When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration.[2]  See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).  It is not necessary for the plaintiff to plead evidence.  Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977).  The question before the Court is not whether the plaintiff will ultimately prevail.  Watson v. Abington Twp., 478 F.3d 144, 150 (2007).  Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

---

[2]"Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment."  U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (internal quotation marks and citations omitted) (emphasis deleted).

2

"A claim has facial plausibility[3] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. - - - , 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556). "Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S. Ct. at 1950.

The Court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), however, and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness." Wyeth v. Ranbaxy Labs., Ltd., 448 F. Supp. 2d 607, 609 (D.N.J. 2006) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.")). Accord Iqbal, 129 S. Ct. at 1950 (finding that pleadings that are no more than conclusions are not entitled to the assumption of truth).

Further, although "detailed factual allegations" are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (internal citations omitted). See also Iqbal, 129 S. Ct. at 1949

---

[3]This plausibility standard requires more than a mere possibility that unlawful conduct has occurred.  "When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

3

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." Twombly, 550 U.S. at 556 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

## B. Analysis

The FDCPA was enacted "'to eliminate abusive debt collection practices' which 'contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.'" Miller v. Payco-General American Credits, Inc., 943 F.2d 482, 483-84 (4th Cir. 1991) (quoting 15 U.S.C. §§ 1692a and 1692e). The FDCPA "provides a remedy for consumers who have been subjected to abusive, deceptive, or unfair debt collection practices by debt collectors." Pollice v. National Tax Funding, L.P., 225 F.3d 379, 400 (3d Cir. 2000). To ensure that consumers receive adequate notice of their rights under the law, the FDCPA sets forth several requirements for the content of debt collection notices. Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000) (citing Miller, 943 F.2d at 483-84). Section 1692g(a) requires a debt collector to send a written notice within five days of its initial communication with the consumer, stating:

(1) the amount of the debt; (2) the name of the creditor; (3) a statement

4

that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector that the debt is disputed, the debt collector will obtain verification of the debt and a copy of such verification will be mailed to the consumer; and (5) a statement that upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Section 1692g(b) provides, in relevant part:

Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

The FDCPA is violated when a debt collection notice contains language that 'overshadows or contradicts' the required validation notice under 15 U.S.C. § 1692g(a).[4] See Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996) (citing Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991)). The Court considers whether a debt collection notice sufficiently complies with the statute using the perspective of the "least sophisticated debtor." Graziano, 950 F.2d at 111 (citation omitted).  This standard not only protects consumers, but also "prevents liability for bizarre and idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level

---

[4] The determination of whether language in a debt collection notice contradicts or overshadows the validation notice is a question of law. Wilson, 225 F.3d at 353 n.2.

of understanding and willingness to read with care." <u>Wilson</u>, 225 F.3d at 354-55

(quoting <u>United States v. National Financial Serv., Inc.</u>, 98 F.3d 131, 136 (4th Cir. 1996))

(quotation omitted).

Here, the Complaint alleges that certain debt notices sent by Defendants violate

the FDCPA as follows:

> 9.  The initial contact correspondence overshadows the debt verification
> rights and procedures available under the [FDCPA] by having the
> verification rights in a smaller font that [sic] the typeface letter.
> 10.  The initial contact correspondence demands payment "immediately,"
> overshadowing and conflicting with the 30-day right to have the debts
> verified available under the [FDCPA].
> 11.  The initial contact correspondence is then followed a short time later
> with a second "follow-up" letter, with-in the 30-day verification period,
> referencing further collection activity "[d]ue to a lack of payment".
> 12.  The "follow-up" letter also demands payment "immediately" and
> makes no reference to the 30-day right to dispute the debt even though it
> is sent within the 30-day time frame and on the heels of the first letter.
> 15.  Defendant has been in business for over 8 years.  The notices
> complained of and received by the Plaintiff had the offending language
> pre-printed on the form, with the standardized form practice. . .

Compl., ¶¶ 9, 10, 11, 12, 15.

The determination of whether the Complaint sets forth a viable claim under 15

U.S.C. § 1692 proceeds in two parts.  <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210-11

(3d Cir. 2009). The Court begins by separating the factual and legal elements of the

allegations set forth in the Complaint.  Because legal conclusions are not entitled to a

presumption of truthfulness, the next step is to "determine whether the facts alleged in

the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"

Id. (citing <u>Iqbal</u>, 129 S.Ct. at 1950).

Here, the only facts alleged with respect to the "initial contact correspondence"

are that different fonts are utilized within the same correspondence, with the verification

rights being typed in a smaller font, and that it demands payment "immediately." Compl. at ¶¶ 9, 10. The remainder of the allegations contained in Paragraphs 9 and 10, which delineate the impact of these facts, are legal conclusions.

Font size differentials are relevant considerations in determining whether portions of a debt collection notice overshadow other language required by the statute. For example, in <u>Swanson v. Southern Oregon Credit Service, Inc.</u>, 869 F.2d 1222, 1225-6 (9th Cir. 1988) the Ninth Circuit found a violation of the FDCPA where a debt collection notice contained language "in bold faced type several times larger than the debt validation notice required by section 1692g" positioned above required language. In <u>Graziano</u>, the Third Circuit also recognized the importance of type-face settings and stated that the debt collection notice must effectively explicate the debtor's rights and be printed in a type-face "sufficiently large to be read, and must be sufficiently prominent to be notice." 950 F.2d at 111.

Although it is <u>conceivable</u> that the font differentials cause overshadowing, Plaintiff fails to offer any additional facts to support the <u>plausibility</u> of this claim. <u>See</u> <u>Iqbal</u>, 127 S.Ct at 1952 (citing <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Twombly</u>, 550 U.S. at 556. The Complaint does not identify the content of the language used or any other physical characteristics of the letter that could confuse the debtor or cause overshadowing of the debt verification rights. Instead, the Complaint states a legal conclusion that the font differential alone causes overshadowing, as prescribed by the FDCPA. This allegation consists of precisely the legal conclusions and labels that

7

<u>Twombly</u> has made clear are insufficient to allow a cause of action to proceed.

Similarly, the allegation contained in Paragraph 10, regarding the demand for immediate payment, is also a legal conclusion. Compl. at ¶ 11. The Complaint fails to identify the context of the alleged offending language, depriving the Court of the ability to analyze the plausibility of the claim. While it may be that the use of the word "immediately" causes overshadowing or conflict, without any facts as to the format of the letter, it is merely only possible that a debtor would be confused or misled as to his statutory rights. <u>Compare</u> <u>Wilson</u>, 225 F.3d 350 (notice to the debtor to " pay . . . bill immediately and avoid further action" did not overshadow or contradict the required statutory language) <u>with</u> <u>Savino v. Computer Credit, Inc.</u>, 164 F.3d 81 (2d Cir. 1998) (notice that "the hospital demands immediate payment" contradicted the validation notice on the reverse side of the correspondence). Thus, the fact that the notice included a demand for immediate payment without more fails to cross the threshold from a possible cause of action to a plausible cause of action. <u>Twombly</u>, 550 U.S. at 557 ("Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'") (brackets omitted).

However, the alleged violations of the FDCPA contained in Paragraphs 11 and 12— that a "follow-up" letter not only falsely accuses debtors of failing to respond to repeated requests, but also demands immediate payment without reference to the debtor's right to dispute the debt— states a viable claim. Under 15 U.S.C. §1692g(b), any correspondence sent within 30 days after the initial contact must be consistent with the disclosures contain in the initial correspondence. The factual allegation that a second

correspondence was sent without containing the notice of the debtor's right to dispute the debt satisfies <u>Twombly</u> and Fed. R. Civ. P. 8.[5] <u>See</u> <u>Graziano</u>, 950 F.2d at 111 (statute violated where notices offer contradictory time-frames for payment).

Lastly, the Complaint fails to set forth any basis for liability against George Bresler as a managing member of GB Collects. In his opposition to the present motion, Plaintiff theorizes that Bresler <u>could</u> be liable under the "participation theory" of liability. Plaintiff cites to <u>Saltiel v. GSI Consultants, Inc.</u>, 170 N.J. 297, 304 (2002) in support of his argument that an individual is personally liable for all of the torts he commits, even though he is acting in his official capacity as an office or agent of a corporation. Pl. Opp. Br. 7. Even assuming *arguendo* that this theory applies outside the corporate setting and extends to a person who is a "managing member" of a Limited Liability Company, the Complaint fails to set forth any tortious action committed by Bresler or GB Collects. As a result, it fails to state a cognizable claim against Bresler.

### III. CONCLUSION

For all of these reasons, Defendants' motion to dismiss [7] is granted in part and denied in part. The claims against Defendant George Bresler are dismissed for failure to state a cognizable claim. Plaintiff's claims under 15 U.S.C. § 1692 may proceed consistent with the corresponding Order

Dated May 28 2010

---

[5]Defendants contention that the failure to include a date that the letter was received is fatal to Plaintiff's claim is unpersuasive. Although inartfully plead, the Complaint does state that Smith received an offending notice within the one year statute of limitations. <u>See</u> Compl. ¶¶ 14 and 15.

Hon. Joseph H. Rodriguez,
United States District Judge

10